**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JACK FREEMAN,
ADC # 140176                                                                                PLAINTIFF

v.                    CASE NO. 5:10-cv-00259-BSM-JJV

DAVID WHITE, Warden, North Central Unit,
Arkansas Department of Correction; *et al.*                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

        The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

        1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Jack Freeman, is an inmate in the Grimes Unit of the Arkansas Department of Correction. He filed a *pro se* Complaint and an Amendment to his Complaint (Doc. Nos. 2, 16) pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment rights and ADC policy. He seeks monetary damages from Defendants in their official and personal capacities.

**I.   BACKGROUND**

According to Plaintiff's Complaint, on or about December 8, 2009, he was placed in an isolation cell due to a disciplinary infraction. He states that on December 9, 2009, he awoke to find the toilet in his cell leaking. He told a "C.O." about the problem and the C.O. gave Plaintiff a blanket to put around the leak. Thereafter, Plaintiff was provided a new blanket every other day to place around the leak. On December 26, 2009, due to the water

leak in his cell, Plaintiff slipped and fell, and hit his head on the concrete floor. Defendants Corley and Hawkins took Plaintiff to the infirmary for treatment. Upon Plaintiff's return from the infirmary, "ADC employees" returned him to the same cell with the leaking toilet. When the employees refused to call maintenance to fix the leak, Plaintiff filed a grievance with Defendant Tyler. Following a second fall on January 15, 2010, Plaintiff was moved to a new cell.

## II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

### III. ANALYSIS

#### A. Official Capacity Claims

The Eleventh Amendment bars claims for damages against a state employee in his or her official capacity. *Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999). Plaintiff's claim for monetary damages against the Defendants in their official capacity is barred and, therefore, subject to dismissal.

#### B. Warden David White

Plaintiff seeks to hold Warden White liable under the theory of *respondeat superior*. In a § 1983 cause of action, an official is liable for his own conduct and cannot be held liable for the misconduct of his subordinates under a theory of *respondeat superior* liability. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Whitson v. Stone Cnty Jail*, 602 F.3d 920, 928 (8th Cir. 2010); *Vaughn v. Greene Cnty, AR*, 438 F.3d 845, 851 (8th Cir. 2006).

4

Accordingly, Plaintiff's claim against Warden White should be DISMISSED for failure to state a claim upon which relief can be granted.

### C.   Sgt. Corley and Officer Hawkins

Plaintiff fails to state a claim against Defendants Corley and Hawkins. As an initial matter, the Court finds that Plaintiff fails to articulate in his Complaint any specific violation of his constitutional rights by these Defendants. However, even if Plaintiff were afforded an opportunity to amend his Complaint, a review of the grievances he submitted fails to state a claim of constitutional proportion whereby he might be entitled to relief.

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875.

Here, Plaintiff's leaking toilet does not amount to the deprivation of minimal civilized measures of life's necessities nor does it reflect an excessive risk to Plaintiff's health or safety. Plaintiff's first grievance reveals he complained of the leak the night of December 25, 2009, and "Sgt. Landon said he would fill out a maintenance slip and move [him]."

5

(Doc. No. 2, p. 9). Early the next morning, he slipped on the water on the floor and hit his head and was taken to the infirmary for treatment. *Id.* On January 22, 2010, he filed another grievance stating his toilet was never repaired and that he again slipped on the water and hit his head on January 15, 2010. (*Id.* at p. 11).

While it is an unfortunate set of circumstances, it simply does not rise to the level of a constitutional claim. Plaintiff's documents show that guards responded by providing Plaintiff with blankets and initiating a work order to have the problem fixed. According to Plaintiff's second grievance, some effort was made to correct the problems Plaintiff experienced because he reported that "they fixed the hot water but not the toilet." *Id.* And after Plaintiff's second fall, he states guards moved him from the cell "handling the situation correct." *Id.*

Plaintiff may have stated a claim that Defendants acted negligently in returning him to a location where he might slip and fail. Nevertheless, claims of negligence are not actionable in the constitutional § 1983 setting and Plaintiff clearly fails to state a claim that the Defendants were deliberately indifference in a serious risk to his health and well being. Thus, Defendants Corley and Hawkins should be DISMISSED.

   D.   **Officer Tyler**

Plaintiff's claim against Officer Tyler stems from his dissatisfaction with the manner in which Tyler handled his grievances. Because inmates do not have a constitutionally protected right to a prison grievance procedure, inmates cannot state a claim under § 1983 based upon the handling of the inmate's grievances. *See Lomholt v. Holder*, 287 F.3d 683,

6

684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff, thus, fails to state a claim upon which relief can be granted and Defendant Tyler should also be DISMISSED.

## IV. CONCLUSIONS

Plaintiff fails to state an actionable § 1983 claim against any of the named Defendants and Plaintiff's Complaint and Amended Complaint should, therefore, be DISMISSED for failure to state a claim upon which relief can be granted or a cause of action under § 1983.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint should be DISMISSED with prejudice for failure to state a claim upon which relief can be granted or a cause of action under § 1983.

2. Dismissal of Plaintiff's Complaint and Amended Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. § 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of § 1915(g).

3.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this 15th day of June, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE